JANE E. VETTO, OSB# 914564
Marion County Legal Counsel
jvetto@co.marion.or.us
CURTIS M. GLACCUM, OSB #161732
Sr. Assistant Legal Counsel
cglaccum@co.marion.or.us
555 Court Street N.E., Suite 5242
P.O. Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
Facsimile No.: (503) 373-4367
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BILLY GOSTEVSKYH**,                          Case No. 6:15-cv-02336-TC

                                   Plaintiff,          **DEFENDANTS' OBJECTIONS TO**
                                                       **MAGISTRATE JUDGE COFFIN'S**
                                                       **FINDINGS AND**
        v.                                             **RECOMMENDATIONS**
                                                       **REGARDING SUMMARY**
                                                       **JUDGMENT**

**JASON MYERS AND MARION COUNTY**,

                                   Defendants.

_____

        Pursuant to Federal Rules of Civil Procedure 72(b) and Local Rule 72-1, Defendants Jason

Myers and Marion County (Defendants) object to the Magistrate Judge Coffin's Findings and

Recommendations (F&R) (Doc. 78), filed July 23, 2019. The Magistrate Judge erred in

recommending that the Court deny Defendants' Motion for Summary Judgment by:

        1) Failing to shift the burden to Plaintiff to provide specific facts to support their 42 U.S.C. §

        1983 claims, after Defendants identified missing material facts essential to Plaintiff's claims;

1 – **DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE COFFIN'S FINDINGS AND**
    **RECOMMENDATIONS REGARDING SUMMARY JUDGMENT**

and

2) Improperly relying on material that would not be admissible in evidence and facts not

subject to proper judicial notice as the basis for their determination.

Accordingly, the Court should decline to adopt the F&R. Instead, it should sustain Defendants'

objections and grant Defendants' Motion for Summary Judgment.

## PROCEDURAL HISTORY

Plaintiff filed this lawsuit on December 15, 2015. Doc. 1. Plaintiff's sole cause of action

is pursuant to 42 U.S.C. § 1983. *See*, Doc. 31. Discovery was completed on August 13, 2018.

Doc. 43. Plaintiff has never filed a motion to compel and never filed an affidavit or declaration

asserting that Defendants failed to provide documents or information they were obligated to

produce. Plaintiff was given multiple opportunities to respond to Defendants' Motion for

Summary Judgment and provide supplemental briefings to establish material facts essential to

their claim. Docs. 61 & 69. On July 23, 2019, Magistrate Judge Coffin submitted his F&R on

Defendants' Motion for Summary Judgment. Doc. 78.

## STANDARD OF REVIEW

The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law. FRCP

56(a). The movant has the initial burden of establishing that no genuine issue of material fact

exists or that a material fact essential to the nonmovant's claim is missing. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to

the nonmovant to produce specific evidence to establish a genuine issue of material fact or to

establish the existence of all facts material to the claim. *Id.*, *see also, Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial. FRCP 56(e).

On review of a magistrate judge's report and recommendation, "the district court is charged to make a de novo determination of [any] portion" to which objections are made. *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *see also*, *Barnes v. Chase Home Fin., LLC*, 825 F. Supp. 2d 1057, 1059 (D. Or. 2011); Fed. R. Civ. P. 72(b)(3). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). An objection to a magistrate judge's findings is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to let the "district judge...focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (*quoting*, *Thomas v. Arn*, 474 U.S. 140, 147, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)).

## <u>OBJECTIONS</u>

Defendants object to the Magistrate Judge's F&R on two grounds. First, the Magistrate Judge incorrectly applied the law on a summary judgment motion when it failed to shift the burden to Plaintiff to establish facts essential to their claim, after Defendant established that Plaintiff could not produce those facts. Second, the Magistrate Judge improperly relied on material that would inadmissible in evidence and facts not subject to proper judicial notice when

making his determination.

**A.**     **Magistrate Judge Coffin's failure to shift the burden to Plaintiff to provide specific facts to support their § 1983 claims, after Defendants identified missing material facts essential to Plaintiff's claims, was contrary to law.**

In order to state a claim for relief under 42 U.S.C. §1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See*, *Crumpton v. Gates*, 947F.2d 1418, 1420 (9th Cir. 1991). It is not enough for plaintiff so simply point to an alleged unconstitutional policy or custom, he must establish a direct causal link between that policy or custom and his harm. *City of Canton v. Harris,* 489 U.S. 378, 385 (1989).

Defendants moved for summary judgment by asserting that Plaintiff would not be able to produce several material facts essential to Plaintiff's claims, including facts to establish causation and deliberate indifference. *See generally*, Doc. 49. In their Response, Plaintiff asserted six pages of facts that were unsupported and attached several documents that were either unauthenticated or inadmissible evidence. *See*, Doc. 53 at 2-7. In Defendants' Reply and Supplemental Reply, Defendants again argued that Plaintiff had failed to properly submit sufficient evidence to support the allegations he will be required to prove at trial. *See*, Doc. 55 at 2-5 & Doc. 74 at 4. After the first hearing on Defendants' motion, the Magistrate Judge gave Plaintiff an additional 60 days to file a Supplemental Response to Defendant's Motion for Summary Judgment. Doc. 69. In the end, the Magistrate Judge found that Plaintiff had failed to provide specific facts to support any of their claims, except one. *See*, Doc. 78 at 8-9.

Focusing on paragraph 27 of Plaintiff's First Amended Complaint, the Magistrate Judge found that Plaintiff had established that the Jail's transfer of Plaintiff to the Transition Center and its resulting transfer to Plaintiff of responsibility for scheduling and paying for his serious medical needs was the result of Marion County Policy (the "Transfer Policy"). *Id*. at 11. The Magistrate Judge disagreed with Defendants' position that, despite the identification of a policy attributable to Defendants, it was still Plaintiff's burden to produce specific facts showing a direct causal link between that policy his harm. *Id*. at 12.

On this same issue, the Magistrate Judge concluded that the record was missing facts regarding the reasons for Plaintiff's transfer to the Transition Center, whether this protocol was followed regarding other inmates, and whether the delay in treatment caused by the transfer was the cause of compensable injury to Plaintiff. *Id*. at 11-13. The Magistrate Judge held that, "These material 'missing' facts are germane to the legal issues presented in this case[.]" *Id*. at 14.

Instead of granting Defendants' Motion for Summary Judgment, however, based on Plaintiff's failure to meet his burden of producing specific evidence to establish the existence of all material facts essential to his claim, the Magistrate Judge found that Plaintiff was unable to provide these facts because "the evidence is uniquely within the control and ability of the County to produce." *Id*. at 12. The Magistrate Judge makes this assertion despite the fact that discovery closed without Plaintiff filing a single motion to compel and without ever submitting an affidavit or declaration showing the specific reasons why Plaintiff could not present facts to support his claims.

In sum, that Magistrate Judge found that the record was "missing" material facts essential

to Plaintiff's claims, but then recommended a trial to give Plaintiff yet another opportunity to

establish those facts, instead of granting Defendants' request for summary judgment. *See*

*generally*, *Id.* at 14.

The Magistrate Judge went on to cite several cases, including *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 255, as grounds for his authority to recommend a trial to establish Plaintiff's

missing facts:

> In *Anderson v. Liberty Lobby Inc.*, the court stated that a judge may
> exercise discretion in denying summary judgment when there is
> "reason to believe that the better course would be to proceed to a full
> trial." 477 U.S. at 255; *See also George R. Whitten Jr., Inc. v.*
> *Paddock Pool Builders, Inc.*, 424 F.2d 25, 35 (1st Cir. 1970) (stating
> that a court has discretion to deny an otherwise justified motion to
> summary judgment "if the parties have failed to clarify the underlying
> facts ... "); *Marcus v. St. Paul Fire & Marine Inc. Co.*, 1051 F.2d 379,
> 382 (5th Cir. 1981) (a judge may exercise discretion in denying
> summary judgment "to give the parties an opportunity to fully
> develop the case."). Doc. 78 at 13-14.

However, the Supreme Court in *Anderson* also held that:

> "[t]he Plaintiff must present affirmative evidence in order to defeat a
> properly supported motion for summary judgment. This is true *even*
> *where the evidence is likely to be within the possession of the*
> *defendant*, as long as the plaintiff has had a full opportunity to
> conduct discovery." *Anderson* at 257 (emphasis added).

In conclusion, the Magistrate Judge erred when he failed shift the burden to Plaintiff to

produce specific, affirmative evidence to establish the existence of all material facts essential to

their § 1983 claim, including the elements of causation and deliberate indifference. Defendants

do not object to the Court drawing all reasonable inferences in favor of the nonmoving party,

especially given the fact that the Magistrate Judge found that Plaintiff failed to provide all the

material facts germane to his § 1983 claim. However, Defendants object to the fact that the Magistrate Judge failed to properly shift the burden to Plaintiff after making that finding. Plaintiff has had more than sufficient time to collect the evidence necessary to establish their case and multiple opportunities to present it, but has continuously failed to do so. Furthermore, Defendants disagree with the Magistrate Judge's assertion that Defendants were somehow responsible for Plaintiff's failure to provide the missing material facts essential to their claim, when Plaintiff provided no probative evidence to support that assertion.

Given that this issue was the Magistrate Judge's sole reason for denying Defendants' Motion for Summary Judgment, Defendants request that this Court review the matter *de novo*, apply the correct standard for summary judgment, and grant Defendants' motion.

**B.      *Magistrate Judge Coffin improperly relied on material that would not be admissible in evidence and facts not subject to proper judicial notice.***

The evidence in the record does not support any constitutional violations by Defendants. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. FRCP 56(c)(2). The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FRE 201(b).

Magistrate Judge Coffin improperly relied on material that would not be admissible in evidence and facts not subject to proper judicial notice, in making his determination. During the hearing, on July 3, 2019, Magistrate Judge Coffin took notice of a personal anecdote as the

reason for his finding that there were sufficient facts to support Plaintiff's claim that Defendants'

had failed to provide sufficient medical treatment.

> I will tell you a personal story. When my oldest son was about 10, he was playing with a schoolmate in our backyard, and they were playing stickball with a tennis ball. And his friend was at bat, and he hit the ball back and had hit my son's eye. And I went out to look at my son's eye, and he said he would be fine. He wanted to keep playing. And I looked at it, and I saw something in the pupil that I had never seen before. It was like some liquid that was building up in his pupil, whatever that was. So I said, "No, we're going to go to the emergency room."

> So I took him to the emergency room, and the doctor there said, "This is beyond my skill-set." Exactly the same thing that Dr. Vitells said. "He needs to see an ophthalmologist."

> This was on, I believe, a weekend. So, fortunately, there was an ophthalmologist that was able to get ahold of, and he agreed to come to his office to see my son. I took my office -- excuse me, I took my son to his office. So this was at, like, 6:00 in the evening on a Saturday, and he looked at my son and said, "Okay. Here is what you need to do: What's going on is there's bleeding inside your son's eye, inside the pupil of the eye, and he has to remain completely immobile for at least a week. No movement whatsoever, except to get up to go to the bathroom. That's it. You have to take his meals to him. He's not to get out of bed because any movement will increase the amount of bleeding to the eye, and it could destroy the cornea, and he would be blind in that eye. So we have to control the bleeding. And the only alternative to controlling the bleeding from -- by -- by him being completely bedridden would be surgery, which is very dicey to an eye."

> I never would have known that had I not gone to the emergency room and had they not referred me to a specialist and had the specialist not been willing to come on a weekend to go to his office to examine my son.

> I did know enough as a layperson to know that this was, quote, an emergency that was beyond my expertise. And whenever you are messing with the eye, you're messing with a person's vision for the

rest of his life.

So that being said, I'm somewhat skeptical at medical personnel looking at a swollen eye that is beyond their expertise and concluding anything else than the emergency room doctor concluded in my case: "This is something that's beyond my pay grade. He needs to see somebody that's a specialist right away."

So I -- I'm skeptical that when Dr. Neahring says it's beyond his expertise, he needs to go to the eye institute, and he schedules that for a couple of days, that he's not thinking that this is an emergency.[1]

The anecdotal story the Magistrate Judge relies on is not information generally known within the trial court's territorial jurisdiction and cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. In short, because Plaintiff failed to provide specific facts to support their allegations, the Magistrate Judge relied on a personal lay opinion in making his determination that the medical treatment Plaintiff received from the medical staff at Marion County Jail did not comply with reasonable medical standards.

Defendants also object, pursuant to FRCP 56(c), to the Magistrate Judge's reliance on facts submitted by Plaintiff in their briefings in a form that would be inadmissible in evidence. As Defendants previously noted in their briefings, Plaintiff's Response and Supplemental Response contained numerous pages of unsupported "facts" that either failed to contain an attributable citation or cited to exhibits that would be inadmissible in evidence. *See*, Doc. 55 at 2-5 & Doc. 74 at 4. Nevertheless, these same facts were cited by the Magistrate Judge in his decision.

All in all, the Magistrate Judge improperly relied on personal anecdotes and inadmissible

---

1 Declaration of Curtis M. Glaccum in Support of Defendants' Objections to Magistrate Judge Coffin's Findings and Recommendations Regarding Summary Judgment, ¶ 2, Ex. 1 at 24:12-26:8.

9 –**DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE COFFIN'S FINDINGS AND RECOMMENDATIONS REGARDING SUMMARY JUDGMENT**

facts as the basis for his recommendation to deny Defendants' Motion for Summary Judgment.

## **CONCLUSION**

Plaintiff has not met his burden of showing, nor does the evidence in the record support, any constitutional violations by Defendants. For the foregoing reasons, therefore, Defendants respectfully request that this Court reject the Magistrate Judge's recommended disposition and grant Defendant's Motion for Summary Judgment, dismissing all claims with prejudice.

DATED this 6th day of August, 2019.

/s/Curtis M. Glaccum
Curtis M. Glaccum, OSB #161732
Marion County Legal Counsel
Of Attorneys for Defendants