100 FIRES LAW PC
Jose Cienfuegos
Attorney at Law
4500 Kruse Way, Suite 390
Lake Oswego, OR 97035
503-548-1593
jose@100fireslaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BILLY GOSTEVSKYH,**<br><br>Plaintiff,<br><br>v.<br><br>**JASON MEYERS AND MARION COUNTY,**<br><br>Defendants | Case No. 6:15-cv-02336-TC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE COFFIN'S FINDINGS AND RECOMMENDATIONS REGARDING SUMMARY JUDGMENT** |

OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION
GRANTING SUMMARY JUDGMENT

Plaintiff responds to the Defendant's Objections To Magistrate Judge Coffin's Findings and Recommendations Regarding Summary Judgment in the above captioned matter wherein Judge Coffin denied Defendant's summary judgment motion. This Objection is filed pursuant to Fed. R. Civ. P 72(b) and 28 U.S.C.636(b)(1).

*De Novo* Review

As a preliminary matter, under Fed. R. Civ. P. 72(b), the district judge must consider any objections to a Magistrate's Findings & Recommendations ("F&R") de novo "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly

1 – PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE OFFIN'S FINDINGS AND RECOMMENDATIONS REGARDING SUMMARY JUDGMENT

objected to". 28 U.S.C. 636(b)(1). Any parts of the Magistrate's Findings which are not objected to may be either (1) approved if they are free of error, or (2) not reviewed at all. *See generally*, 28 U.S.C. 636(b)(1). Rule 72 requires any objections be specific and de novo review be given only for the parts of the disposition that have been "properly objected to".

Defendant has not objected to the finding of facts as laid out in the Findings and Recommendations by Judge Coffin, nor did the Defense indicate that there were any errors in those finding of facts. Defendant has made clear her succinct objections and enumerated them in her objections, as stated below. As such, the facts should be approved as stated by Judge Coffin.

## SUMMARY OF OBJECTIONS BY DEFENDANT

A. *Failing to shift the burden to Plaintiff to provide specific facts to support his claims.*

In support of his response, Plaintiff has attached the entirety of the transcript from the oral arguments on Defendant's Motion for Summary Judgement as **Exhibit 1**, which was held on July 3, 2019, at the United States District Court for the District of Oregon, Eugene Division. The Defense claims that she had met her initial burden of proving that there was no genuine issue as to any material fact. The reality is that the Defense had failed to meet its initial burden as the moving party and failed to prove that the initial facts found by Magistrate Judge Coffin did NOT demonstrate that there were genuine issues of material facts that go directly to the Plaintiff's claims.

B. *Improperly relying on material that would not be admissible in evidence and facts not subject to proper judicial notice as the basis for their determination.* The Defense concocts an issue for her motion by claiming that the Judge relied on facts from a story he told the parties during oral arguments. There is nothing from the story that the Magistrate told the parties in the courtroom during oral arguments that appears in the Finding and Recommendations suggesting

that any part of that personal story was relied upon by Magistrate Judge Coffin when concluding that the Defendant's Motion for Summary Judgment should be denied.

## PROCEDRUAL POSTURE

Plaintiff's law suit was filed on December 15, 2015. Depositions of several employees of Marion County were taken by the Plaintiff, including Sheriff Meyers, several guards whom transported, observed, and had direct contact with Plaintiff, persons who provide medical care for Plaintiff, including nurses and Dr. Vitells, the only physician at Marion County Jail. Discovery was asked for and received, including some policies. Marion County objected to and failed to provide all of what was requested by Plaintiff. Material generated from discovery, as well as declarations from Plaintiff, notes from Plaintiff, and the actual requests for medical care (Medical Request Forms, or MRFs) and Inmate Grievance Forms, medical notes from care providers, declarations from county counsel, Sheriff Meyer, Deputy Tad Larson, and some policies were presented to the bench by <u>both</u> parties during the Summary Judgment proceedings. It is from this material that Magistrate Judge Coffin based his finding of facts upon in his Findings and Recommendations, and, correctly formed the basis for his decision to deny Defendant's Motion for Summary Judgment.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248,(1986). By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.

"As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." See generally 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure 2725, pp. 93-95 (1983) as quoted in Anderson at 248. The court must draw all reasonable inferences from the evidentiary record in favor of the non moving party. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Asso., 809 F.2d 626, 630 (9th Cir. 1987).

A moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (stating that on summary judgment the inferences to be drawn from the underlying facts contained in the documents submitted must be viewed in the light most favorable to the party opposing the motion). What should be noted initially is that the Defendant moved for summary judgment supported by only some conclusory declarations and the complaint. The "facts" set forth in the initial motion did not reference any of the extensive depositions or the medical record, but instead provided a carefully managed and cherry picked version of the case. It is this very behavior that is the focus of Magistrate Judge Coffin's critical Findings and Recommendations.

Plaintiff responded to the initial motion with contrary facts, fleshed out the entire story supported by the depositions, medical records and other evidence admissible under rule 56. And while counsel for the Defense takes issue with the fact that Magistrate Judge Coffin gave Plaintiff additional time to supplement his response, it should be noted that if a party has

somehow failed to comply with the formalities of Rule 56, a court may choose to be somewhat lenient in the exercise of its discretion to deal with the deficiency. The non-moving party, who receives the benefit of all factual interpretation and inferences, is allowed a greater discretion in its submissions that the movant. *School District No. 1J Multnomah County Or v AcondSi Inc.*, 5 F.3d 1255 (9th Cir. 1993), *citing to Scharf v. United States Attorney General* 597 F.2d 1240, 1243 (9th Cir. 1979); *Celotex Corp v. Catrett*, 477 U.S. 317, 324 (1986). Affidavits and declarations of the party opposing summary judgment "should be indulgently treated". *Doff v. Burnswick Corp.*, 372 F.2d 801, 804 (9th Cir. 1966). As to comments from the Defense on the sufficiency of Plaintiff's evidence, It should also be noted that it is improper at this stage of the proceeding for the court to make credibility findings or to rule on the admissibility of the evidence. If the evidence is presented by the Plaintiff shows that it is of the type which could be admitted at trial then it can be considered by the court to determine whether issues of fact exist. A declaration of a party is admissible and can be used to construe factual differences.

As to the Magistrates Findings and Recommendations, after a review of all facts and evidence presented by Plaintiff and the Defendant, and viewed in the light most favorable to the non moving party, the Plaintiff, the bench made a finding of facts, which conclusively set forth several issues that indicate not only questions of material facts, but those that go directly to Plaintiff's case. **Exhibit 2**, pg 3. Specifically, and importantly, Magistrate Judge Coffin found from the facts presented that the Plaintiff suffered from serious medical needs and that the county's actions and inactions, via its policy created deliberate indifference; "It is undisputed that the Plaintiff's transfer to the Transition Center and its effect on his medical care needs was pursuant to an official policy of the Jail or Marion County." See **Exhibit 2**, pg 11.

While Magistrate Judge Coffin found against the Plaintiff in several of his theories of misconduct and deliberate indifference by Marion County and its' employees, he did narrow the

issue as to what he believed set forth questions of material facts that would effect the outcome of the suit under governing law, that being deliberate indifference via Marion County's policies, that is the transfer of the Plaintiff to the Transition Center. **Exhibit 2**, pg 9. A reading of the Magistrate's opinion on this issue shows a strong concerns and very clear findings of facts going directly to Plaintiff's theory of his case.

It is important to unpack the evidence that Magistrate Judge Coffin was presented with prior to arguments on Summary Judgment that caused him this alarm and concern, and ultimately created an issue that should go to the factfinder. Plaintiff's injury occurred on December 21, 2013. An appointment was then scheduled to see the jail doctor, Dr. Aaron Vitells. On December 30, after a nine day delay and several urgent request from the Plaintiff, Dr. Vitells was presented with a chronic injury to Plaintiff's eye that the doctor admitted was beyond his expertise and that his clinic lacked the proper tools to treat. As such, Dr. Vitells ordered that Plaintiff see a specialist, an ophthalmostat, "as soon as possible". Plaintiff was then transferred, only 10 days into his 180 sentence, the day after Dr. Vitells ordered Plaintiff see a specialist, to the Transition Center, where an inmate is subject to a seven day blackout period. While at the Transition Center Plaintiff could not go anywhere or contact anyone during the blackout period. After said blackout period he was then responsible for his own medical care, both in scheduling and financially. Plaintiff was then transferred back to the jail, 3 days later, for unknown reasons. During this time Plaintiff made several requests for medical care, filled out grievance forms, and even on the day of the transfer, plead with jail staff for treatment to his deteriorating eye injury and ongoing Trigeminal Neuralga. Per jail policy, this transfer was done "Voluntarily".

A reading of the transcript from oral arguments gives important insight into the issue at hand. Magistrate Judge Coffin was presented with a factual scenario from the evidence

presented by Plaintiff that gave rise to several questions of material facts that go directly to the question of Plaintiff's case of claiming an injury due to deliberate indifference via an official county policy. Why was he transferred a day after being seen by the doctor for what was considered a serious and chronic medical condition to a facility where this appointment would not be made either timely or facilitated by the jail? Why place an individual who is suffering an injury such as this in a facility where he will be subject to a week long "Blackout Period"? Why, if this is supposedly a "voluntary" transfer by the Plaintiff, would he "choose" this option if he has done nothing but repeatedly request immediate medical care for painful and deteriorating eye injury? Why was he transferred to the Transition Center only 10 days into his sentence of 180 days? Why was he transferred when Dr. Vittels had ordered Plaintiff see a specialist at the expense of the County just a day before? These are material questions of fact that the Defendant did not address in her Motion for Summary Judgment. The answers to these questions were not forthcoming in discovery, nor were they forthcoming in oral arguments when posed to counsel for Defendant. In fact Magistrate Judge Coffin went so far as to say that the defense was being "evasive" in its answers. The answers to these questions are not ones that will readily come from Defendant, and are solely within the control of the Defendant. Only a factfinder will be able, after hearing from the Defendant herself, to determine if answers to these many questions, if given, are credible or not, and if based on the totality of the evidence, that Plaintiff has made its case.

"The movant has the burden of showing that there is no genuine issue of fact, but the Plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict. Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256.

7 – PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE OFFIN'S FINDINGS AND RECOMMENDATIONS REGARDING SUMMARY JUDGMENT

Before the hearing started, and upon the pleadings and evidence submitted, Magistrate Judge Coffin was presented with enough evidence submitted by the Plaintiff that shows clearly that there are several material issues at play that support a jury verdict for the plaintiff. These facts presented are not simply allegations, but rather indicate deliberate indifference via Marion County's policy and procedures. Defendant, the moving party, was given ample opportunities to attempt to meet its burden of showing that there were no material issues of fact in this case, and they had lost before they started. Simply put, the Defense never met its burden initially to prove that there were NO genuine issues of fact.

The "Red Flag" scenario that is discussed in the transcript and that is so "Troubling" to the bench in this case suggest that there was an improper reason for the transition of the Plaintiff to the Transition Center, based on policy and procedure of the County, and that the treatment of the Plaintiff via this policy constituted deliberate indifference of his serious medical needs. The discussion between counsel for Defendant and the bench demonstrates two things: 1) That the information that would answer these questions is entirely within the possession and control of the Defendants; 2) That as such, the only proper way to answer these questions is to proceed to trial to let a jury determine these issues.

Prisoners are entitled to medical care during their custodial time at the same level as that which is provided in the community. Denial of access to standard of care medical treatment or delay in treatment constitutes deliberate indifference to the prisoner's protected constitutional rights. Estelle v. Gamble, 429 U.S. 97, 104 (1976) (intentionally denying or delaying access to medical care); Page v. Norvell, 186 F. Supp. 2d 1134, (D. Or. 2000)(delay of treatment causing some harm); Delker v. Maass, 843 F. Supp. 1390, 1400-01 (D. Or. 1994) and Wood v. Sunn, 865 F. 2d 982, (9th Cir. 1988)(failing to respond to pain and other problems); McGuickin v. Smith, 974 F.2d 1050, (9th Cir. 1982)(defendants repeatedly failed to treat inmates

properly or single egregious event strongly suggests deliberate indifference). Even where medical care is eventually provided to the prisoner, the prison authorities may be held to have violated the deliberate indifference standard if there is evidence of delay of medical care. McElligott v. Foley, 182 F. 3d 1248, (11th Cir. 1999); Caldwell v. District of Columbia, 201 F. Supp. 2d 27, (D.DC 2001)(deliberate indifference found where treatment delayed for substantial periods of time despite repeated grievances and delay caused condition to worsen).

"We repeat, however, that the plaintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial." Anderson at 257. "More important for present purposes, summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. In First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, (1968)." Anderson at 248.

The burden on the movant is to provide sufficient information to demonstrate they are entitled to a judgment as a matter of law. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. See generally 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2725, pp. 93-95, (1983). Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson at 248.

Magistrate Judge Coffin properly made finding of facts that alone create facts that affect the outcome of the suit under the governing law regarding Plaintiff's case. These facts are not irrelevant or unnecessary and are in fact evidence that a reasonable jury could return a verdict for the Plaintiff. As the Magistrate states in his Findings and Recommendations, "… justice is

not served by concluding this case at summary judgment when evidence has not been forth coming". **Exhibit 2**, pg 13.

As to Defendant's second objection. A reading of the Findings and Recommendations attached as **Exhibit 2** makes it clear that Magistrate Judge Coffin did not rely on any part of, or any facts from, his personal story related to the parties in oral arguments.

In fact, reading the transcript, **Exhibit 1**. it is clear to any reader that the bench was simply responding to one of Counsel for Defendant's answers to the bench's questions about the facts of the case. Starting on pg 23 of the transcript the discussion between counsel for the County and the bench turns on Mr. Glaccum's interpretation of the words "as soon as possible" from Dr. Vitells records. Mr. Glaccum stated that this wording did not imply an "emergent situation". The bench, in responding, stated that he disagreed with counsel, and then gave the story about his son, and his son's eye injury, and what it may mean when a doctor says that someone needs to be seen soon. What is clear at this point is that the purpose of the story is to indicate that specialists are hard to schedule, and that when doctors say that someone needs to be seen soon by a specialist, it does not mean that it is not an emergency. It just happens that the story about scheduling a specialist involved an injury to his son's eye.

There is nothing in the record of the Findings and Recommendations that hint to, state, or even suggest that Magistrate Judge Coffin used any of the facts from his personal story in his analysis of Findings and Recommendations. In fact, on pg 7 of the Findings and Recommendations **Exhibit 2.** the Magistrate clearly states that "…the Plaintiff's sworn statements themselves are adequate to establish the existence of a serious medical need," and "… the County's own medical records establish the seriousness of his medical conditions."

Clearly this is an attempt to fabricate an issue where there is none. There is no indication that any of the facts from the story were relied upon by the Magistrate at all in his

conclusions about this motion. What is clear is that the Defendant has been caught with very bad facts that they cannot escape and try to elude by claiming impermissible burden shifting. The Defense never met it burden, eluded answers, was evasive and not forthcoming.

    For the reasons set forth in this response and based on Magistrates Judge Coffin's Finding and Recommendations, we respectfully ask this Court to follow the recommendation that Defendant's Motion for Summary Judgment be denied.

Dated this 27th day of August, 2019.

                                              Respectfully submitted,

                                              /s/Jose Cienfuegos
                                              Jose Cienfuegos OSB 010280
                                              Attorney for Plaintiff